**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 71.190.136.176,<br><br>Defendant. | Case No. 7:22-cv-10726-VB |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. FACTS .......... 2

A. Plaintiff Has a Serious Problem with BitTorrent Infringement .......... 2

A. Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant .......... 4

B. There Is Good Cause for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena .......... 6

1. Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement .......... 6

2. Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve Doe Defendant .......... 7

3. There Are No "Alternative Means" to Uncover Doe Defendant's True Identity ... 8

4. The Subpoenaed Information Is Necessary to Advance Plaintiff's Infringement Claim .......... 9

5. Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers .......... 9

C. Protective Order .......... 10

IV. CONCLUSION .......... 11

# TABLE OF AUTHORITITES

**Cases**

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001) .................................... 7
*Arista Records LLC v. Doe*, 604 F.3d 110, 115 (2d Cir. 2010) .............................................. 5, 6, 9
*Ayyash v. Al-Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005) .................................................. 5
*Digital Sins, Inc. v. John Does 1-245*, No. CV 11-8170 CM,
2012 WL 1744838 (S.D.N.Y. May 15, 2012) ................................................................. 10
*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ............................................ 6
*John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) .................................... 7, 8
*Malibu Media, LLC v. Doe*, No. CV 14-4808 (JS) (SIL),
2016 WL 4574677 (E.D.N.Y. Sept. 1, 2016) ................................................................... 7
*Malibu Media, LLC v. Doe*, No. CV 15-3504 JFB (SIL),
2016 WL 4444799 (E.D.N.Y. Aug. 23, 2016) ........................................................... 9, 10
*Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*,
No. CV 1:16-02462 AJN, 2016 WL 2894919 (S.D.N.Y. May 16, 2016) ................................. 5
*Next Phase Distribution, Inc. v. John Does 1-27*,
284 F.R.D. 165, 171–72 (S.D.N.Y. 2012) ....................................................................... 9
*Patrick Collins, Inc. v. John Doe*, 945 F. Supp. 2d 367, 375 (E.D.N.Y. 2013) ............................ 7
*Sony Music Entertainment Inc. v. Does 1-40*,
326 F. Supp. 2d 556 (S.D.N.Y. 2004) ..................................................................... 5, 7, 9
*Strike 3 Holdings, LLC v. John Doe*, No. CV 3:17-1680 CSH,
2017 WL 5001474 (D. Conn. Nov. 1, 2017) ............................................................. 6, 8
*UN4 Prods., Inc. v. Doe*, No. CV 17-3278 PKC (SMG),
2017 WL 2589328 (E.D.N.Y. June 14, 2017) ......................................................... 6, 8, 10
*United States v. Ulbricht*, 858 F.3d 71, 84, 97 (2d Cir. 2017) ....................................................... 9

**Statutes**

17 U.S.C. § 106(1) ...................................................................................................... 7
17 U.S.C. § 410(c) ...................................................................................................... 6

**Other Authorities**

8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046.1 (3d ed. 2011) ...................................................................................................... 5
*American Registry for Internet Numbers Number Resource Policy Manual* ................................ 8
*Beginner's Guide to Internet Protocol (IP) Addresses* ...................................................... 8
Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at
http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-

11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf ........ 2

**Rules**

Fed. R. Civ. P. 26(d)(1) ........ 1, 5
Fed. R. Civ. P. 26(f) ........ 4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby respectfully submits this Memorandum of Points and Authorities in support of its Motion for Leave to serve a third-party subpoena prior to a Rule 26(f) conference.

## I. INTRODUCTION

Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites. Unfortunately, Strike 3's success has led users on the Internet to illegally infringe its works on a very large scale. Indeed, Strike 3's motion pictures are among the most infringed content in the world. *See* Declaration of David Williamson, attached hereto as Exhibit "A."

Strike 3, using its proprietary forensic software, VXN Scan ("VXN"), monitored and detected the infringement of Strike 3's content. *See id.* at ¶ 40. VXN discovered that Defendant's IP address was illegally distributing several of Strike 3's motion pictures. *See* Declaration of Patrick Paige, attached hereto as Exhibit "B". This IP address is assigned to Defendant by his or her Internet Service Provider ("ISP"), which is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity. *Id*. at ¶ 22. As a result, Plaintiff now seeks leave to serve limited, immediate discovery on Defendant's ISP, Verizon Fios (Verizon Fios) so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service. Further impelling expediency, Defendant's ISP only maintains the internal logs of the requested information for a brief period of time.[1]

---

[1] *See, e.g.,* Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on Defendant's ISP. This subpoena will only demand the true name and address of Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights.

## II. FACTS

### A. Plaintiff Has a Serious Problem with BitTorrent Infringement

Strike 3 holds title to the intellectual property associated with the *Blacked*, *Blacked Raw*, *Slayed*, *Tushy*, *Tushy Raw*, and *Vixen* adult brands (the "Brands"), including the copyrights to each of the motion pictures distributed through the Brands' sites and the trademarks to each of the Brand's names and logos. Decl. Williamson at ¶ 13. Strike 3 is owned entirely by General Media Systems ("GMS") and has existed since 2015. *Id.*

Although it started out small, the Brands' websites now host approximately 15 million visitors each month. *Id.* at ¶ 14. This success is no fluke. Strike 3's philosophy has always been to pay artists and models an amount above that being paid by other companies, focusing on delivering superior quality films. *Id.* at ¶¶ 15–17. Moreover, Strike 3's motion pictures are known for having some of the highest production budgets of any in the adult industry. *Id.* at ¶ 19.

Because of this commitment to quality, the websites for the Brands have a subscriber base that is one of the highest of any adult sites in the world. *Id.* at ¶ 20. Strike 3 is also currently the number one seller of adult DVDs in the United States. *Id.* at ¶ 21. Finally, Strike

---

Security United States House Of Representatives, (January 2011) at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf, stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

3's content is licensed throughout the world, including by most major cable networks. *Id.* at ¶ 22. This success has led to numerous awards being bestowed upon Strike 3, such as "adult site of the year," "best marketing campaign – company image," and "best cinematography." *Id.* at ¶ 23.

Unfortunately, piracy is a major threat and causes tremendous damage to Strike 3, and Strike 3 "can compete in the industry, but [it] cannot compete when our content is stolen." *Id.* at ¶ 26. To continue to provide value for members, exciting and inspiring projects for adult performers, and to continue to create top paying jobs and growth in the adult community, Strike 3 must protect its copyrights. *Id.* at ¶ 39.

B. Plaintiff Brings Its Litigation in Good Faith

Strike 3 is mindful of the nature of the litigation and its goal is to not disclose publicly the choices that people make regarding the content they wish to enjoy. Moreover, Strike 3 does not seek to force anyone to settle unwillingly, especially anyone that is innocent. *Id.* at ¶ 33. Therefore, Strike 3 only files strong cases against extreme infringers. *Id.* at ¶ 34. Indeed, each lawsuit is brought against infringers that not only engage in illegal downloading, but are also large scale unauthorized distributors of Strike 3's content. *Id.* Strike 3 does not seek settlements unless initiated by a defendant or a defendant's counsel. *Id.* at ¶ 35. Additionally, Strike 3 does not send demand letters. *Id.* Finally, although certainly Strike 3 does not believe anyone should be embarrassed about enjoying Strike 3's works (they just need to pay for that right, not steal it), Strike 3 respects the desire of defendants to keep private their choices regarding the content they choose to enjoy. Accordingly, Strike 3 has a policy to: (1) enter into confidentiality agreements with defendants to facilitate resolution of a case; and (2) stipulate to requests by defendants to the entry of orders in litigation to maintain the confidentiality of a defendant's identity. Thus,

Strike 3 is careful to only proceed to litigation with strong cases, when it has a good faith basis for doing so, and to enforce its rights in a way that is mindful of a defendant's privacy interests.

Strike 3 is a successful adult entertainment company that makes nearly all of its revenue from sales of subscriptions, DVDs and licenses. *Id.* at ¶ 37. Strike 3's goal is to deter piracy (and seek redress for its harmful consequences) and direct those who infringe content to the avenue of legitimately acquiring access to Strike 3's works. *Id.*

## III. ARGUMENT

### A. Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant

"Though parties generally may not initiate discovery prior to satisfying the meet and confer requirement of Fed. R. Civ. P. 26(f), courts may in some instances order earlier discovery." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). "[A] party may engage in discovery before such a conference pursuant to court order." *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*, No. CV 16-02462 AJN, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (citing Fed. R. Civ. P. 26(d)(1). "Courts in such circumstances apply a flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, No. CV 19-5818 (AT)(JLC), 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019) (citations and internal quotations omitted).

The Second Circuit has outlined "[t]he 'principal factors' that courts consider when deciding whether expedited discovery is appropriate," *id.*, which are particularly salient when "identification of the alleged infringers [is] indispensable for the vindication of plaintiffs' copyright[s.]" *Arista Records LLC v. Doe*, 604 F.3d 110, 115 (2d Cir. 2010). The *Arista* court adopted Judge Chin's five-factor analysis for good cause in *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004):

> [The] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

604 F.3d at 119 (quoting *Sony Music*, 326 F.Supp. 2d at 564–65). This analysis has become the standard in BitTorrent copyright cases. *See UN4 Prods., Inc. v. Doe*, No. CV 17-3278 PKC (SMG), 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017) (collecting cases).

"In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is [a court order under] Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (citation omitted)). "Here, the 'principal factors' weigh decidedly in favor of granting Strike 3's motion," *Strike 3 Holdings, LLC v. Doe*, No. CV 19-5866 (AT)(RWL), 2019 WL 4493342, at *1 (S.D.N.Y. Aug. 21, 2019), and Plaintiff has good cause for such expedited discovery. *See e.g., Strike 3 Holdings, LLC v. Doe*, No. CV 17-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018) ("Plaintiff's subpoena is entirely proper."); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-2648 (VEC), 2019 WL 78987, at *3 (S.D.N.Y. Jan. 2, 2019) ("Plaintiff's subpoena clearly seeks relevant information.").

### B. There Is Good Cause for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena

#### 1. *Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement*

To make a prima facie claim for copyright infringement, Plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's Complaint accomplishes this, stating: (1) "Plaintiff is the owner of the Works, which [are] an

original work of authorship"; (2) "[d]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol"; and (3) "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." *See* Complaint at ¶¶ 36–38.

Plaintiff owns a valid copyright in the Works, which are registered with the United States Copyright Office. *See* 17 U.S.C. § 410(c); *see also* Complaint at ¶¶ 32–33. Plaintiff's prima facie allegations of infringement are attested to by Plaintiff's investigator, David Williamson, who used Plaintiff's forensic software to track and record BitTorrent activity. *See* Decl. Williamson. Finally, each digital file has been verified to be a copy of one of Plaintiff's copyrighted Works. *See* Declaration of Susan B. Stalzer, Exhibit "C."

Plaintiff has also made a plausible prima facie showing of "copying." "'The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights' described in § 106." *Arista Records*, 604 F.3d at 117 (quoting *A&M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1013 (9th Cir. 2001)). Plaintiff's Complaint alleges that Doe Defendant not only downloaded Plaintiff's works over the BitTorrent network, *see* 17 U.S.C. § 106(1), but also distributed these files to the BitTorrent swarm. *See id.* § 106(3); *see also* Complaint at ¶ 39.

Hence, "Strike 3 adequately describes its original, copyrighted works and provides a detailed analysis of how defendant copied those works along with the exact date and time of the alleged infringement." *Strike 3 Holdings,* No. CV 19-5818 (AT)(JLC), 2019 WL 5459693 at *3. Judge Chin, too, in his seminal case, found that "the use of P2P systems to download and distribute copyrighted music has been held to constitute copyright infringement." *Sony Music*, 326 F. Supp. 2d at 565–66 (collecting cases). This factor weighs in Plaintiff's favor.

*2. Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve Doe Defendant*

"Strike 3 seeks only the name and address of the subscriber associated with the defendant's IP address, which is a limited and highly specific set of facts." *Strike 3 Holdings, LLC v. Doe*, No. CV 18-5586 (LAK)(KNF), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018); *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012). The subscriber's identity and address have been described by courts as "highly specific," *Malibu Media*, No. CV 14-4808 (JS) (SIL), 2016 WL 4574677 at *6 (collecting cases), and "[t]he subpoenaed information is only needed to advance Plaintiff *to* the service of process stage, and is sufficiently specific to accomplish that end." *Strike 3 Holdings, LLC v. Doe*, No. CV 19-5818 (AT)(JLC), 2019 WL 5459693 at *3 (citation omitted) (emphasis original).

*3. There Are No "Alternative Means" to Uncover Doe Defendant's True Identity*

Plaintiff has only a limited view into Defendant's true identity, only having access to the offending IP address. Indeed, "BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address." *John Wiley*, 284 F.R.D. at 190. "At this time, Plaintiff is only able to identify John Doe with reference to his or her IP address. Once supplied with the date and time of the alleged infringement, ISPs are able to use their subscriber logs to identify the particular individual associated with the IP address." *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (citation omitted). The only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address is Defendant's ISP. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) ("[O]nly the ISP can match the IP address to the subscriber's identity."). "Strike 3 has thus established that it can only obtain defendant's information through a subpoena of his (or her) ISP." *Strike 3 Holdings*, No. CV 19-1651 (AT)(JLC), 2019 WL 1211864 at *2. There is

simply no alternative means by which Plaintiff can identify Doe Defendant absent the present subpoena. *See Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012).

*4. The Subpoenaed Information Is Necessary to Advance Plaintiff's Infringement Claim*

As previously emphasized, Plaintiff cannot properly serve Defendant without first ascertaining the subscriber's identity from his or her ISP. Judge Chin framed this factor aptly: "Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." *Sony Music*, 326 F. Supp. 2d at 566. Plaintiff has a strong claim, indeed, *Arista* noted that the "the fundamental copyright principles are clear." *Arista Records*, 604 F.3d at 117. All that stands in the way of the merits is effectuating service. *See Strike 3 Holdings*, No. CV 19-5818 (AT)(JLC), 2019 WL 5459693 at *4 ("Strike 3 has adequately argued that without the requested subpoena, it will be unable to serve defendant and thus unable to pursue further litigation."); *Malibu Media, LLC v. Doe*, No. CV 15-3504 JFB(SIL), 2016 WL 4444799, at *11 (E.D.N.Y. Aug. 23, 2016) ("Without learning the Defendant's identity and address, the Plaintiff will be unable to serve process and pursue its claim.") (citation omitted).

*5. Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers*

The Second Circuit has found subscribers do not have a "legitimate privacy interest" in their IP address, *United States v. Ulbricht*, 858 F.3d 71, 84, 97 (2d Cir. 2017) (agreeing with the majority trend in Circuit Courts of Appeals), and courts have consistently held that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Strike 3 Holdings*, No. CV 19-5866 (AT)(RWL), 2019 WL 4493342 at *2; *see also Sony Music*, 326 F.

Supp. 2d at 566–67 (noting Plaintiffs are "entitled to discovery in light of" this minimal interest). Simply put, "Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest." *Strike 3 Holdings, LLC v. Doe*, No. CV 18-01490 EAW, 2019 WL 5084520, at *2 (W.D.N.Y. Jan. 28, 2019).

C. Protective Order

In some BitTorrent cases involving adult content, courts have found it appropriate to issue a protective order establishing procedural safeguards such as allowing a defendant to proceed pseudonymously. *See e.g.*, *Strike 3 Holdings*, No. CV 19-5818 (AT)(JLC), 2019 WL 5459693 at *4 (finding protective orders "fairly balance" both parties' interests).Strike 3 respectfully encourages the Court to establish such procedures here, should the Court find it appropriate.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant leave to Plaintiff to issue a Rule 45 subpoena to Defendant's ISP.

Dated: 01/05/2023

Respectfully submitted,

By: /s/ *Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjames@jacquelinejameslaw.com
*Attorneys for Plaintiff*